TOWN OF IDAHO SPRINGS V. FILTEAU.

A town which, exceeding its corporate powers, grants permission to a mining company to build a flume in its streets, does not thereby become liable for damage done to adjoining premises by the water leaking from the flume on to such premises.

*Appeal from County Court, Clear Creek County.*

THIS was an action brought before a justice of the peace in Clear Creek county by Kate Filteau against the town of Idaho Springs, for damages to her real estate occasioned by the water leaking from the flume of the Sunshine Mining Company, built in the street of the town of Idaho Springs by said company, by leave of the town expressed by ordinance.   Kate Filteau, the plaintiff, recovered judgment for $130.   From this judgment the town appealed to the county court of Clear Creek county.  Trial there by a jury.   Verdict for plaintiff for $225.  Motion for a new trial by defendant, denied by the court, and judgment rendered on verdict.   Exceptions duly reserved, and appeal to this court by defendant.

One of the errors assigned presents the question, Is the town liable on such demand? At the time of the trial of this case in the county court, the decision in the case of *City of Denver v. Bayer* had not been made. That decision, being made soon afterwards, seemed to settle the law against the right of the plaintiff to recover against the town on such demand; whereupon the counsel for the plaintiff, Kate Filteau, made the following statement in this court: "This case, in our opinion, turns upon the question of the liability of the municipal corporation to a private individual, where the act complained of is not within the power or authority of the corporation as conferred in its charter or by statutes." "The case at bar was tried in the lower court in May, 1883. The attorney who tried the case followed, in his conduct of the trial and preparation of the case, the decisions of the supreme court of Illinois, where a municipal corporation was held liable for acts similar to the one complained of in this case. Since the trial of this cause in the lower court, this court, in the case of *City of Denver v. Bayer*, 7 Colo. 113, has held the contrary to be the law. We fear there is no substantial distinction between this case and the one at bar, but, as the case is here, we will submit it."

Messrs. J. N. SMITH and T. J. CANTLON, for appellant.

Mr. T. B. BRYAN, for appellee.

STALLCUP, C. The case is submitted upon the question, Is the town liable for that it had granted leave to the Sunshine Mining Company to build a flume in the street? The decision in the case of *City of Denver v. Bayer*, 7 Colo. 113, is decisive that the town is not liable.

The judgment should be reversed and the case remanded, with directions to the county court to dismiss the action.

MACON and RISING, CC., concur.

PER CURIAM.  For the reasons assigned in the foregoing opinion the judgment is reversed and the cause remanded, with directions to the court below to dismiss the action.

*Reversed.*